IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID MINOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:17-cv-00834 |
| WESCO INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Wesco Insurance Company ("Wesco" or "Defendant") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states as follows:

### I.
### INTRODUCTION

1.  Plaintiff David Minor ("Minor" or "Plaintiff") commenced this lawsuit on August 30, 2017 by filing Plaintiff's Original Petition ("Petition") in the 342nd Judicial District Court of Tarrant County, Texas – Cause No. 342-294290-17.

2.  Plaintiff's Petition alleges causes of action against Wesco for Breach of Contract, Violations of Chapter 542 of the Texas Insurance Code, Violations of the Texas Deceptive Trade Practices Act, Violations of the Texas Insurance Code Chapter 541, and Breach of the Duty of Good Faith and Fair Dealing.

### II.
### WESCO'S NOTICE OF REMOVAL IS TIMELY

3.  Wesco was served with this lawsuit on September 14, 2017. Accordingly, Wesco files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## III.
## VENUE IS PROPER

4.Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

## IV.
## BASIS FOR REMOVAL

5.Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Wesco and the amount in controversy exceeds $75,000 excluding interest, costs, and attorney's fees.

### A.Citizenship of the Parties

6.Wesco Insurance Company was at the time this lawsuit was filed, and at the date of this Notice remains, a Delaware insurance company with its principal place of business in New York. Wesco is a citizen of Delaware and New York for purposes of diversity jurisdiction.

7.Plaintiff's Petition states that Plaintiff is an individual residing in Tarrant County, Texas. Accordingly, Plaintiff is a citizen of the state of Texas for purposes of diversity of citizenship.

### B.Amount in Controversy

8.If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Wesco's burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[1]

---

[1]*Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

9. Here, Plaintiff's Petition states that Plaintiff seeks to recover monetary relief over $1,000,000.[2] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

10. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## III.
## CONCLUSION

11. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Tarrant County, Texas promptly after the filing of this Notice.

12. As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

    a. an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable);

    b. a copy of the docket sheet in the state court action;

    c. each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date); and

    d. a separately signed certificate of interested persons that complies with Local Rule 3.1(c).

13. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

---

[2] *See* Plaintiff's Original Petition at page 2, ¶4.

WHEREFORE, Wesco Insurance Company requests that this action be removed from the 342nd Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, and that this Court enter such further orders as may be necessary and appropriate.

    Respectfully submitted,

    **ZELLE LLP**

    By: /s/ *Jennifer L. Gibbs*
        Jennifer L. Gibbs
        Texas Bar No. 24050656
        jgibbs@zelle.com
        Raven M. Atchison
        Texas Bar No. 24073864
        Ratchison@zelle.com

    **ZELLE LLP**
    901 Main Street, Suite 4000
    Dallas, TX 75202-3975
    Telephone:(214) 742-3000
    Facsimile: (214) 760-8994

    **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of Defendant's Notice of Removal and exhibits have been served this 13th day of October, 2017, in accordance with the Federal Rules of Civil Procedure:

    Jeffrey T. Embry
    State Bar No. 24002052
    jeff@hossleyembry.com
    Chris P. Peirce
    State Bar No. 24046604
    cpeirce@hossleyembry.com
    HOSSLEY & EMBRY, LLP
    515 S. Vine Ave.
    Tyler, Texas 75702
    Telephone:    903-526-1772
    Facsimile:    903-526-1773
    ***Attorneys for Plaintiff***

                                  /s/ *Jennifer L. Gibbs*
                                  Jennifer L. Gibbs