# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID MINOR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:17-cv-00834 |
| WESCO INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## **EXHIBIT A**

1.  Index of All Documents Filed in the State Court Action

2.  Docket Sheet in the State Court Action

3.  Documents filed in the State Court Action

    a.  Plaintiff's Original Petition
       Filed:          August 30, 2017

    b.  Record of Citation served on Defendant Wesco Insurance Company
       Served:       September 14, 2017

    c.  Wesco Insurance Company's Original Answer and Affirmative Defense to Plaintiff's
       Original Petition
       Filed:          October 12, 2017

# Exhibit A-1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID MINOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:17-cv-00834 |
| WESCO INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## INDEX OF DOCUMENTS FILED IN THE STATE COURT ACTION

1.  Plaintiff's Original Petition
    Filed:      August 30, 2017

2.  Record of Citation served on Defendant Wesco Insurance Company
    Served:     September 14, 2017

3.  Wesco Insurance Company's Original Answer and Affirmative Defense to Plaintiff's Original Petition
    Filed:      October 12, 2017

# Exhibit A-2



# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | | 10/13/17 1:29 PM |
|---|---|---|

| Cause Number: | 342-294290-17 | Date Filed: 08-30-2017 |
|---|---|---|
| DAVID MINOR | \| VS \| | WESCO INSURANCE COMPANY |
| Cause of Action: | CONTRACT, INSURANCE | |
| Case Status: | PENDING | |

| File Mark | Description | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|
| 08-30-2017 | PLTF'S ORIG PET | N | 284.00 | |
| | | I | | |
| 08-30-2017 | COURT COST (PAID) trans #1 | Y | | 284.00 |
| 09-05-2017 | LTR REQ CITATION & SERVICE | I | | 0.00 |
| 09-05-2017 | CIT Cert Mail-ISSUED ON WESCO INSURANCE COMPANY-On 09/08/2017 | N   Svc | 83.00 | |
| 09-05-2017 | COURT COST (PAID) trans #4 | Y | | 83.00 |
| 09-05-2017 | COPIES - SEND TO DOC PROD | N | 14.00 | |
| 09-05-2017 | COURT COST (PAID) trans #6 | Y | | 14.00 |
| 09-20-2017 | CIT Cert Mail Tr# 4 RET EXEC(WESCO INSURANCE COMPA NY) On 09/14/2017 | I | | 0.00 |
| 10-12-2017 | DEFNS ORIG ANS/DEFENSES TO PLTFS PET | I | | 0.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

# Exhibit A-3

# Exhibit A-3-a

FILED
TARRANT COUNTY
8/30/2017 8:38 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. **342-294290-17**

| | | |
|---|---|---|
| DAVID MINOR, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | TARRANT COUNTY, TEXAS |
| WESCO INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

David Minor ("Minor"), Plaintiff herein, files this Original Petition against Defendant Wesco Insurance Company ("Wesco") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.    David Minor is an individual residing in Tarrant County, Texas.

2.    Wesco is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

### II.
### DISCOVERY

3.    This case is intended to be governed by Discovery Level 3.

1

## III.
## CLAIM FOR RELIEF

4.      The damages sought are within the jurisdictional limits of this court.  Plaintiff currently seeks monetary relief over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.      Venue is proper in Tarrant County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Tarrant County, Texas.

## V.
## FACTUAL BACKGROUND

7.      David Minor is a named insured under a property insurance policy issued by Wesco identified as Policy WPP1244354 01 ("Policy").  At all times relevant to this suit, Minor was the owner of the commercial property located at 2550 Berner Street, Fort Worth, Texas 76111 and named insured under the Policy.

8.      On or about March 16, 2016, March 17, 2016 and/or March 23, 2016, all times within the period of Plaintiff's Policy with Defendant, wind and hail storms struck North Texas, including the Fort Worth, Texas area, damaging Minor's property located at 2550 Berner Street, Fort Worth, Texas 76111.  The storm events of March 2016 occurring in Tarrant County during the terms of the Policy were designated a Catastrophic Loss of the Texas Department of Insurance under pursuant to the Texas Insurance Code §542.059 and 28 TAC §5.9303. After discovering wind and hail damage to its property, Minor subsequently filed a claim on his insurance policy.

2

9.     Defendant improperly denied the claim.

10.    The adjuster assigned to the claim conducted a substandard investigation and inspection of the property as evidenced by the adjuster's failure to find any storm-related damage to the roof despite fully acknowledging substantial hail damage. No physical testing of the roofing materials was performed prior to the unfair denial of the claim including determining any potential differentiation between hail occurring during versus before the Policy period.

11.    This unreasonable investigation and claims determination led to the outright denial of Plaintiff's claim.

12.    Moreover, Wesco performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13.    Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

14.    Wesco had a contract of insurance with Plaintiff.  Wesco breached the terms of that contract by wrongfully denying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute**

15.    The failure of Wesco to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16.    Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith/Deceptive Trade Practices Act ("DTPA")**

17.    Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

3

18.     Defendant violated Section 541.051 of the Texas Insurance Code by:

    (1)     making statements misrepresenting the terms and/or benefits of the policy.

19.     Defendant violated Section 541.060 by:

    (1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.     Defendant violated Section 541.061 by:

    (1)     making an untrue statement of material fact;

    (2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4)     making a material misstatement of law; and

(5)    failing to disclose a matter required by law to be disclosed.

21.    At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22.    Defendant has violated the Texas DTPA in the following respects:

(1)    Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)    Wesco failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)    Wesco, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Wesco took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

23.    Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.    Breach of the Duty of Good Faith and Fair Dealing**

24.     Defendant Wesco's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff.

25.     Defendant Wesco's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Wesco knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

26.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

**E.     Attorneys' Fees**

27.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

28.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

29.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

30.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

# VIII.
## DISCOVERY REQUESTS

31.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

32.     You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

# IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, David Minor prays that, upon final hearing of the case, he recovers all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that David Minor be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which he may show itself to be justly entitled.

Respectfully submitted,

HOSSLEY & EMBRY, LLP

By: */s/ Christopher P. Peirce*
    Jeffrey T. Embry
    State Bar No. 24002052
    jeff@hossleyembry.com
    Christopher P. Peirce
    State Bar. No. 24046604
    cpeirce@hossleyembry.com
    515 S. Vine Ave.
    Tyler, Texas 75702
    (903) 526-1772
    (903) 526-1773 (fax)
    **ATTORNEYS FOR PLAINTIFF**
    **DAVID MINOR**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant (1) answer the following discovery requests separately and fully in writing under oath within 30 days of service (or within 50 days of service if the discovery was served prior to the date an answer is due); (2) produce responsive documents to the undersigned counsel within the same time period; and (3) serve its answers to these discovery requests within the same time period to Plaintiff by and through his attorneys of record: Jeffrey T. Embry and Christopher P. Peirce, Hossley & Embry, LLP, 515 S. Vine Ave., Tyler, Texas, 75702.

Respectfully submitted,

**HOSSLEY & EMBRY, LLP**

By:   */s/ Christopher P. Peirce*
Jeffrey T. Embry
State Bar No. 24002052
jeff@hossleyembry.com
Christopher P. Peirce
State Bar. No. 24046604
cpeirce@hossleyembry.com
515 S. Vine Ave.
Tyler, Texas 75702
(903) 526-1772
(903) 526-1773 (fax)
**ATTORNEYS FOR PLAINTIFF**
**DAVID MINOR**

1

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant would have received it when it was served with the citation.

*/s/ Christopher P. Peirce*
Christopher P. Peirce

## **INSTRUCTIONS**

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Hossley & Embry, LLP.

C.   If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

1.   Identify the document's title and general subject matter;
2.   State its date;
3.   Identify all persons who participated in its preparation;
4.   Identify the persons for whom it was prepared or to whom it was sent;
5.   State the nature of the privilege claimed; and
6.   State in detail each and every fact upon which you base your claim for privilege.

D.   If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.   You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

1.   You know the response made was incorrect or incomplete when made; or
2.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

## DEFINITIONS

A. **"Defendant," "You," "Your(s),"** refers to Wesco Insurance Company, its agents, representatives, employees and any other entity or person acting on its behalf.

B. **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C. **"The Property(ies)"** refers to the property or properties located at the address(es) covered by the Policy.

D. **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E. **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F. **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G. **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H. **"Lawsuit"** refers to the above styled and captioned case.

I. **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J. The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes, agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions,

charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.     The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.     The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.     The terms **"identification,"** **"identify,"** and **"identity"** when used in reference to:

1.  **Natural Persons:** Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;
2.  **Corporate Entities:** Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;
3.  **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;
4.  **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and
5.  **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.     The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral communications, communications, correspondence, photographs, diagrams, estimates,

4

reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.    The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## NOTICE OF AUTHENTICATION

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

5

## INTERROGATORIES TO DEFENDANT WESCO

**INTERROGATORY NO. 1:**
Identify all persons answering or supplying any information in answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**
Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

    a.    their name and job title(s) as of the Date of Loss;
    b.    their employer; and
    c.    description of their involvement with Plaintiff's Claim.

**ANSWER:**

**INTERROGATORY NO. 3:**
If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

    a.    the scope, cause and origin of the damages you contend are not covered losses under the Policy; and
    b.    the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

**ANSWER:**

**INTERROGATORY NO. 4:**
State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

**ANSWER:**

**INTERROGATORY NO. 5:**
If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

**ANSWER:**

**INTERROGATORY NO. 6:**
If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

**INTERROGATORY NO. 7:**
If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

    **ANSWER:**

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

    **ANSWER:**

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

    **ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 11:**
If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

    **ANSWER:**

**INTERROGATORY NO. 13:**
State the date you contend the claim made the basis of this lawsuit was first reported and the date you anticipated litigation.

    **ANSWER:**

## REQUEST FOR PRODUCTION TO DEFENDANT WESCO

### REQUEST FOR PRODUCTION NO. 1
Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

#### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce a certified copy of all policies you issued to Plaintiff for the Property that were in effect during the handling of those claim(s).

#### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3
Produce a copy of the declarations pages you issued for the Property in the three (3) years preceding the Date of Loss.

#### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4
Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

#### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5
Produce the complete Claim File including all documents and communications regarding the Claim.

#### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6
Produce the Claim Files regarding the Claim of any third-party you hired and/or retained to investigate, consult on, handle and/or adjust the Claim.

#### RESPONSE:

**REQUEST FOR PRODUCTION NO. 7**

If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce the complete Claim File regarding those prior claim(s).

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**

Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**

Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**

Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**

Produce color copies of all visual reproductions of the Property taken either prior to, at the time of, or after the Date of Loss (including diagrams, drawings, photographs, video records, videotapes, or other information).

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**

The file from the office of Plaintiff's insurance agent concerning Plaintiff's Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
Produce all written and/or electronic communications you sent to, or received from, Plaintiff's insurance agent related to the Claim, the Property, the Plaintiff or this Lawsuit.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce all written and/or electronic communications you sent to, or received from, any local, state, or governmental entity related to the Claim, the Property, the Plaintiff or this Lawsuit.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

  **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses and payments made to third-parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
Produce all billing statements, including billing detail, showing the amounts you paid or for which you were billed by any independent adjusters or adjusting firms who inspected Plaintiff's Property in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**
Produce all billing detail showing the amounts you paid or for which you were billed by any engineer and/or engineering firm who inspected Plaintiff's Property in connection with the Claim, whether pre or post-lawsuit.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**
Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**
Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Pursuant to the applicable rules of evidence, produce all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**
Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
Produce all non-privileged documents you identified, referred to, or relied upon in developing, answering and/or formulating your Answer and/or Affirmative Defenses to Plaintiff's live petition.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Produce copies of all documents you intend to offer as evidence at the trial of this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**
Produce copies of all documents relating to your declaration of the storm alleged to have caused damage to Plaintiff's Property as a "catastrophe."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**
If this claim involves reinsurance, produce copies of the policy or agreement pertaining to that reinsurance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**
If an attorney was involved in evaluating payment or coverage of Plaintiff's Claim pre-suit, provide all documents relating to that evaluation or recommendation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**
If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38**
Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No.37 above within the last three years. A summary is acceptable in lieu of actual invoices or payments.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39**
All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40**
All documents relating to the condition or damages of the Property or any insurance claim on the Property identified in the Petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41**
All photographs and documents in the possession, custody or control of Defendant used in the training or instruction of any individuals involved in the adjustment of hail claims in Texas in 2016 concerning (a) what size hail is sufficient to cause structural damage (b) photographs of hail damage as to opposed to non-hail damage such as mechanical damage; and (c) how to differentiate between structural damage versus non-structural damage caused by hail.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42**
All documents, excepting the Policy to the extent Defendant would refer to the Policy, specifically used to make the coverage determination hail striking the Property in March 2016 did not cause damage covered under the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSIONS TO DEFENDANT WESCO**

**REQUEST FOR ADMISSION NO. 1:**
Admit that on Date of Loss the Property sustained damages caused by a windstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
Admit that on Date of Loss the Property sustained damages caused by a hailstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Admit that as of the Date of Loss the Policy was in full force and effect.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
Admit that the Policy is a replacement cost value policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
Admit that the Policy is an actual cash value policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
Admit you received a demand letter dated on March 24, 2017 from a licensed public adjuster in the State of Texas on behalf of the insured.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that Plaintiff timely submitted the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during or prior to the adjustment of the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
Admit that Perry Turner submitted a report of his findings to you.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**
Admit hail measuring at least one inch in diameter struck the loss location at issue in this suit on March 23, 2016.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**
Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**
Admit that there is no covered loss.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**
Admit that you found no sudden and accidental direct physical loss to the property caused by a peril covered under the policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**
Admit that the sole reason why you denied coverage for this claim was there was no storm-related damage to the property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**
Admit that you unconditionally denied the claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**
Admit Kaylynn Stuffan's correspondence to the Plaintiff's representative on June 20, 2016 stated Unified Investigations and Sciences determined there was no hail at the loss location on the date of loss.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**
Admit hail exceeding one inch in diameter struck at or within one mile of the loss location at issue in this suit on March 23, 2016.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:**
Admit no testing or measurement was performed to determine whether structural damage occurred to the Property as a result of the hail damage sustained in March of 2016.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:**
Admit no testing or measurement was performed to determine to differentiate between hail damage caused prior to the inception of the Policy of the Plaintiff and hail damage caused during the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:**
Admit Defendant has retained Unified Investigations & Sciences over five (5) times in the last three years to investigate property damage claims.

**REQUEST FOR ADMISSION NO. 29:**
Admit Defendant has retained Engle Martin over five (5) times in the last three years to investigate property damage claims.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:**
Admit Defendant never provided Plaintiff or its designated representative any estimate of damage, as determined by Defendant, from any wind or hail event occurring to the Property.

**REQUEST FOR ADMISSION NO. 31:**
Admit you retained Unified Investigations & Sciences to investigate this claim on your behalf.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:**
Admit you retained Engle Martin to adjust this claim on your behalf.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:**
Admit you instructed Engle Martin or its representatives not to prepare an estimate of damage related to the claim made the basis of this lawsuit.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:**
Admit Unified Investigations & Sciences, in its report to Defendant on this claim, determined there was large damaging hail in North Texas during the term of the Policy between Plaintiff and Defendant.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:**
Admit Unified Investigations & Sciences performed no physical testing of the roofing materials of the Property to determine whether there was any structural damage to the Property.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 36:**

Admit Unified Investigations & Sciences performed only research, a site inspection and a visual examination of the Property prior to rendering its findings to Defendant.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 37:**
Admit no employee of Defendant physically inspected the Property prior to rendering its coverage decision in this matter.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 38:**
Admit the only individuals or entities who examined the Property on behalf of Defendant to investigate the claim were representative(s) of Engle Martin and/or Unified Investigation & Sciences.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 39:**
Admit pursuant to the Texas Insurance Code §542.059 and 28 TAC §5.9303, the Texas Department of Insurance determined the weather-related event that occurred on March 16, 2016 through March 17, 2016, in Tarrant, Johnson, and Parker was a catastrophe for the purpose of claims processing.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 40:**
Admit your Underwriting File does not contain any photographs of the condition of the roof of the Property prior to inception of the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 41:**
Admit no representative of Defendant inspected the roof of the Property in Question prior to the inception of the Policy.

**RESPONSE:**

Exhibit A-3-b

Cause Number 342-294290-17

DAVID MINOR                                          WESCO INSURANCE COMPANY

VS

## OFFICER'S RETURN

Received  this  <u>Citation By Certified Mail</u>  on  the 12th day of September, 2017 at 8:56 AM ; and  executed  at
<u>B/S REG AGENT-CORPORATION SERVICE COMPANY 211 E 7TH ST STE 620 AUSTIN TX 78701 3218</u>

within the county of _____ State of TX on the  14th day of September, 2017 by  mailing  to
the within named <u>WESCO INSURANCE COMPANY</u> a true copy of this <u>Citation By Certified Mail</u>
together with the accompanying copy of:
<u>PLAINTIFF'S ORIGINAL PETITION</u>

Authorized Person/Constable/Sheriff: Thomas A. Wilder
100 N CALHOUN
FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

 Deputy

Fees $  75.00        LISA LETBETTER

(Must be verified if served outside the State of Texas)
State of _____ County of _____
Signed and sworn to by the said _____ before me this _____
to certify which witness my hand and seal of office

(Seal)                    _____
                          County of Tarrant, State of Texas

*34229429017000004*

FILED
TARRANT COUNTY
2017 SEP 20 A 11:45
THOMAS A. WILDER
DISTRICT CLERK

THE STATE OF TEXAS                    **ORIGINAL**
DISTRICT COURT, TARRANT COUNTY

*CITATION*                    *Cause No. 342-294290-17*

DAVID MINOR

VS.

WESCO INSURANCE COMPANY

TO: WESCO INSURANCE COMPANY

B/S REG AGENT-CORPORATION SERVICE COMPANY 211 E 7TH ST STE 620 AUSTIN, TX
78701-3218

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service thereof
before the 342nd District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth,
Tarrant County, Texas said PLAINTIFF being

DAVID MINOR

Filed in said Court on August 30th, 2017 Against
WESCO INSURANCE COMPANY

For suit, said suit being numbered 342-294290-17 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

CHRISTOPHER P PEIRCE
Attorney for DAVID MINOR Phone No. (903)526-1772
Address      515 S VINE AVE TYLER, TX 75702

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 8th day of September, 2017
                              By _____ Deputy
                                        LISA LETBETTER

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
     Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *34229429017000004*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION  having first
endorsed on same the date of delivery.

_____ Deputy/Constable/Sheriff: _____
County of _____ State of _____   By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                          _____
                         County of _____, State of _____

7015 0640 0002 0985 3615



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com

7015 0640 0002 0985 3615

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$ 8.13

Total Postage and
$

Sent To
WESCO INSURANCE COMPANY
B/S REG AGENT-CORPORATION SERVICE CO
Street and Apt. N
211 E 7TH ST STE 620
City, State, ZIP+4
AUSTIN TX 78701-3218

342-294290-17 DP/LL/CM

PS Form 3800

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

WESCO INSURANCE COMPANY
B/S REG AGENT-CORPORATION SERVICE CO
211 E 7TH ST STE 620
AUSTIN TX 78701-3218

342-294290-17 DP/LL/CM

9590 9403 0953 5223 1095 92

2. Article Number (Transfer from service label)
7015 0640 0002 0985 3615

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Chris Self__        ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                 SEP 14 2017

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

SEP 14 2017

3. Service Type
☐ Adult Signature                          ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery      ☐ Registered Mail™
☐ Certified Mail®                          ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery       ☐ Return Receipt for Merchandise
☐ Collect on Delivery                      ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery  ☐ Signature Confirmation Restricted Delivery
                                           ☐ Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

THOMAS A. WILDER
2017 SEP 20   A II: 45
FILED
TARRANT COUNTY

*CITATION*

Cause No. 342-294290-17

DAVID MINOR

VS.

WESCO INSURANCE COMPANY

**ISSUED**

This 8th day of September, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By          LISA LETBETTER Deputy

CHRISTOPHER P PEIRCE
Attorney for: DAVID MINOR
Phone No. (903)526-1772
ADDRESS: 515 S VINE AVE

TYLER, TX 75702

*CIVIL LAW*

*342294290170000004*

ORIGINAL

# Exhibit A-3-c

**342-294290-17**

FILED
TARRANT COUNTY
10/12/2017 4:57 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 342-294290-17

| | | |
|---|---|---|
| DAVID MINOR, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | TARRANT COUNTY, TEXAS |
| | § | |
| WESCO INSURANCE COMPANY. | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | 342ND JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendant Wesco Insurance Company ("Wesco" or "Defendant") files its Original Answer and Defenses to Plaintiff David Minor's ("Plaintiff") Original Petition and would respectfully show the Court as follows:

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition, and demands strict proof thereof by a preponderance of the evidence.

### DEFENSES

Defendant sets forth the following additional defenses to the allegations set forth in Plaintiff's Original Petition:

1.     Plaintiff's claims are subject to all the terms, conditions, limitations and exclusions contained in Policy No. WPP1244354 01 issued by Wesco Insurance Company to The Landscape Partners; The Landscape Partners, Ltd. and covering the period from February 28, 2016 to February 28, 2017 (the "Policy").

2.      The amount recoverable for Plaintiff's claims, if any, is limited by the applicable deductible(s), limits and any sub-limits contained in the Policy.

3.      Plaintiff's claims are barred, in whole or in part, to the extent any damage was not caused by or resulting from a covered cause of loss.

4.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss or damage to the interior of any building or structure caused by or resulting from rain, whether driven by wind or not, unless the building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain enters.

5.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable Policy period.

6.      Plaintiff's claims are further barred by Plaintiff's failure to allocate its alleged damages between losses caused by a covered cause of loss and those caused by non-covered losses such as damages which occurred prior to the inception of the Policy and/or damages which were caused by excluded causes of loss under the Policy.

7.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused by wear and tear, rust, corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself, settling, cracking, shrinking, or expansion.

8.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused by or resulting from faulty, inadequate or defective: (a) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (b) materials used in repair, construction, renovation or remodeling; or (c) maintenance.

9.    Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for loss caused by continuous or repeated seepage or leakage of water that occurs over a period of fourteen (14) days or more.

10.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or its agents' acts or omissions proximately caused or contributed to Plaintiff's injury. Plaintiff's claims are further barred to the extent Plaintiff failed to mitigate its claimed damage, if any.

11.    Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage reportedly suffered by Plaintiff has not been properly supported as required by the Policy.

12.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to meet all conditions precedent to the recovery it now seeks under the Policy, including, but not limited to, the Policy's Duties in the Event of Loss provisions.

13.    A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Wesco and its employees, agents, representatives, and adjusters are entitled to value claims differently from Wesco's policyholders without facing bad faith or extra-contractual liability. Wesco would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence to covered property.

14.    Defendant reserves the right to assert additional defenses with respect to such losses or damages as additional information becomes available or apparent as this litigation proceeds.

## PRAYER

Defendant prays that (i) Plaintiff's claim for relief be denied in its entirety, (ii) Plaintiff take nothing by its claims, and (iii) Defendant be granted such other and further relief to which the Court may find it is justly entitled.

Respectfully submitted,

By: /s/ Jennifer L. Gibbs
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com
    Raven M. Atchison
    Texas Bar No. 24073864
    Ratchison@zelle.com

    **ZELLE LLP**
    901 Main Street, Suite 4000
    Dallas, TX 75202-3975
    Telephone:(214) 742-3000
    Facsimile: (214) 760-8994

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this Original Answer and Defenses to Plaintiff's Original Petition has been served this 12th day of October 2017, as follows:

Jeffrey T. Embry
State Bar No. 24002052
jeff@hossleyembry.com
Chris P Peirce
State Bar No. 24046604
cpeirce@hossleyembry.com
HOSSLEY & EMBRY, LLP
515 S. Vine Ave.
Tyler, Texas 75702
Telephone:   903-526-1772
Facsimile:    903-526-1773
*Attorneys for Plaintiff*

      /s/ Jennifer L. Gibbs
      Jennifer L. Gibbs